UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ARIEL SCHLOSSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:20-CV-190-TRM-JEM |
| ) | |
| VRHABILIS, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Compel Discovery Responses ("Motion to Compel") [Doc. 29], filed on February 10, 2022. The parties appeared before the Court via telephone on February 14, 2022, for a hearing.[1] Attorney G. Brandon Hall appeared on behalf of Plaintiff, and attorney George Arrants, Jr., appeared on behalf of Defendant. For the reasons explained below, the Court **DENIES** Defendant's Motion to Compel [**Doc. 29**].

By way of background, the Chief District Judge entered a Scheduling Order [Doc. 17] on February 22, 2021, and ordered that all discovery be completed by November 8, 2021. On November 12, 2021, the parties filed a joint motion requesting relief from the deadlines in the Scheduling Order, including the deadline for discovery. The Chief District Judge denied the parties' joint motion, reasoning that "[t]he parties' representations strongly suggest that they did not meaningfully attempt to conduct appropriate discovery within the time set by the Court's

---

[1] The Court set a hearing prior to Plaintiff's deadline for filing a response given that the trial date of March 21, 2022, is quickly approaching. *See* E.D. Tenn. L.R. 7.2 ("Under exceptional circumstances, the Court may act upon a motion prior to the expiration of the response time.").

scheduling order." [Doc. 19 p. 1]. The Chief District Judge invited the parties to "offer further support for their joint motion, if any exists." [*Id.* at 2]. In addition, the Chief District Judge explained that the parties "remain free to conduct additional discovery by agreement, but all of the deadlines in the Court's order shall remain the same." [*Id.*].

Defendant's Motion to Compel [Doc. 29] requests an order pursuant to Federal Rule of Civil Procedure 37(a) compelling Plaintiff to provide responses to Defendant's First Set of Interrogatories and Requests for Production (collectively, "Discovery Requests"). Defendant asserts that it served its Discovery Requests on November 23, 2021, but Plaintiff has not responded. Defendant states that its counsel has contacted Plaintiff's counsel on four (4) occasions regarding Plaintiff's overdue responses. Defendant requests its attorney's fees incurred in bringing its motion pursuant to Rule 37(a)(5).

In support of its motion, Defendant filed email exchanges between the parties' attorneys reflecting their agreement to participate in discovery after the deadline [Doc. 29-2]. Specifically, in an email dated January 25, 2022, Lauren Irwin agreed to serve Plaintiff's responses to the Discovery Requests five (5) business days before Plaintiff's deposition, which was set for February 15, 2022 [*Id.* at 6].[2] In addition, counsel exchanged dates for taking other depositions [*Id.* at 7].

During the February 14 hearing, Plaintiff argued that Defendant served the Discovery Requests after the expiration of the discovery deadline and that Plaintiff was under no obligation to produce responses to the untimely discovery. Defendant responded that Plaintiff voluntarily agreed to produce responses to the Discovery Requests. In addition, Defendant orally moved to extend the discovery deadline.

---

[2] Laruen Irwin ("Irwin") is not listed as counsel of record for Plaintiff in CM/ECF, but Hall stated during the telephonic hearing that Irwin is an associate attorney assisting with this case.

2

The Court will first address Defendant's oral motion to extend the discovery deadline. Rule 6(b) provides, in relevant part, as follows:

> (1) In General. When an act may or must be done within a specific time, the court may, for good cause, extend the time:
>
> . . .
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). The Court has discretion to determine whether a party failed to act because of excusable neglect. *La Bamba Licensing, LLC v. La Bamba Authentic Mexican Cuisine, Inc.*, No. 3:16-CV-527-CRS, 2017 WL 472093, at *2 (W.D. Ky. Feb. 3, 2017) (citation omitted); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard." (citation omitted)).

The discovery deadline expired three (3) months ago, and after it expired, the parties requested an extension. The Chief District Judge denied that request but invited the parties to provide support for their request to extend the discovery deadline. The parties, however, never did so. There is nothing before the Court that would allow it to find excusable neglect at this time. Accordingly, the Court finds Defendant's oral request to extend the discovery deadline not well taken.

The Court also finds Defendant's Motion to Compel [Doc. 29] untimely. "[M]otions seeking court intervention in discovery disputes after the close of discovery are untimely absent special or extreme circumstances." *Cont'l Cas. Co. v. Tyson Foods, Inc.*, No. 1:15-CV-20-HSM-SKL, 2017 WL 11180629, at *2 (E.D. Tenn. June 15, 2017) (citation omitted); *see also McGhee v. Buffaloe & Assocs., PLC*, No. 2:12-CV-333, 2013 WL 11478554, at *2 (E.D. Tenn. Dec. 20,

3

2013) (collecting cases and finding that "[c]ourts, including courts in this circuit and in this district, have found that motions seeking court intervention in discovery disputes after the close of discovery are untimely"). Given the history of this case, the Court does not find there are circumstances warranting the Court's involvement in the present dispute, especially in light of the Chief District Judge's finding that "[t]he parties' representations strongly suggest that they did not meaningfully attempt to conduct appropriate discovery within the time set by the Court's scheduling order" [Doc. 19 p. 1]. Accordingly, the Court **DENIES** Defendant's Motion to Compel [**Doc. 29**].

Despite expiration of the discovery deadline, the Chief District Judge allowed the parties to participate in discovery by agreement. While they do so at their own peril given the passage of the discovery deadline, on January 25, 2022, Plaintiff's counsel agreed to produce responses to the Discovery Requests within the time frame proposed by defense counsel [Doc. 29-2 p. 6]. The undersigned strongly encourages the parties to work together and exchange discovery and conduct depositions in accordance with their agreements.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge