UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ARIEL SCHLOSSER, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:20-cv-190 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| VRHABILIS, LLC, | ) | Magistrate Judge Jill E. McCook |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

On March 21, 2023, a jury entered a verdict in favor of Plaintiff Ariel Schlosser against Defendant VRHabilis, LLC. (Doc. 76.) Defendants moved for attorney's fees and expenses (Doc. 80), which the Court referred to Magistrate Judge Jill E. McCook (Doc. 96). On February 1, 2024, Magistrate Judge McCook filed a report and recommendation ("R&R") recommending that Defendants' motion be denied (Doc. 100). Defendants timely objected (Doc. 101). The Court has reviewed the relevant portions of the record, and, for the following reasons, will: (1) **OVERRULE** Defendants' objection to the R&R (Doc. 101); (2) **ACCEPT** and **ADOPT** the R&R (Doc. 100); and (3) and **GRANT IN PART** and **DENY IN PART** Defendants' motion for attorney's fees and expenses (Doc. 80).

I.     **BACKGROUND**

In her R&R, Magistrate Judge McCook detailed the procedural and factual background underlying this matter. The parties have not objected to Magistrate Judge McCook's recitation of the facts, and the Court finds that the facts set forth in the R&R are accurate. Accordingly, for

the purposes of reviewing Defendants' objections to Magistrate Judge McCook's R&R, the Court **ADOPTS BY REFERENCE** the facts set forth in the R&R (Doc. 100).

## II. STANDARD OF REVIEW

A court must conduct a de novo review of those portions of a report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Although a court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by a magistrate judge's report and recommendation, a court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. ANALYSIS

Plaintiff objects to Magistrate Judge McCook's recommendation that her request for prejudgment interest be denied because Plaintiff waited until thirty days after the entry of judgment in this case to request it. (Doc. 100, at 29.) Specifically, Plaintiff argues that her request for prejudgment interest in her complaint entitles her to extra time to move for prejudgment interest after entry of judgment. (*Id.* at 2–3.)

In most cases, a postjudgment motion for discretionary prejudgment interest constitutes a motion to amend the judgment under Federal Rule of Civil Procedure 59(e). *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-cv-00463, 2021 WL 1213161, at *1 (M.D. Tenn. Mar. 31, 2021) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989)). Pursuant to Rule 59(e), such a motion must be made "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court cannot extend that time period. *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); Fed. R. Civ. P. 6(b).

In limited circumstances, however, Federal Rule of Civil Procedure 60 governs postjudgment motions for prejudgment interest. *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998). This occurs when "the original judgment explicitly allows for prejudgment interest but fails to specify the precise dollar value of interest, provided that the amount can be calculated later with relative certainty." *EPACH Techs., Inc.*, 2021 WL 1213161, at *3 (citing *Pogor*, 135 F.3d at 388 ("We agree that 60(a) applies under the circumstances in this case where the language of the judgment awards interest as required by law but leaves the actual calculations for later.").) Essentially, Rule 60 rather than Rule 59 controls when a court already awarded prejudgment interest but has yet to specify the precise amount of prejudgment interest to be awarded. *Id.* This is because Rule 60 allows for relief from judgment, which would include

oversights such as a failure to calculate the precise amount of interest due, whereas Rule 59(e) provides for the actual amendment of a judgment, which would include a grant of interest that did not previously exist in the judgment. *See* Fed. R. Civ. P. 59(e), 60(a); *see also Osterneck*, 489 U.S. at 173–78 (reasoning that prejudgment interest is not a collateral issue and, therefore, a court must reevaluate the merits of a case in determining whether it should award prejudgment interest). A postjudgment motion for prejudgment interest under Rule 60 is not held to the same strict timeline as one made under Rule 59; the motion must only be made within a reasonable time. Fed R. Civ. P. 60.

Plaintiff argues her postjudgment request for prejudgment interest should be governed by Federal Rule of Civil Procedure 60 instead of Rule 59(e), because she asked for prejudgment interest in her complaint. (Doc. 101, at 4.) This would mean that Plaintiff's postjudgment motion for prejudgment interest, which was filed thirty days after the Court's entry of judgment, was timely.

This is not the case. Contrary to Plaintiff's assertions, her postjudgment request for prejudgment interest was not a motion to clarify the exact interest amount due; it was a request that the Court determine whether prejudgment interest was due at all. As evidenced by the language of the judgment, which generally awarded Plaintiff "any interest as provided by law," the Court had not already ruled that Plaintiff was entitled to prejudgment interest.[1][2] (Doc. 76, at

---

[1] Prejudgment interest is discretionary, not mandatory, in Title VII cases like this one. *Berry v. Stevinson Chevrolet*, 828 F. Supp. 827, 830 (D. Colo. 1993). Because the judgment in this case does not make explicit mention of an award of prejudgment interest, there is no reason to assume the Court ruled on any purported prejudgment request in its entry of judgment.

[2] This finding is also supported by the wording of Plaintiff's postjudgment motion for prejudgment interest, in which she moves the Court for an order "*awarding* pre-judgment interest." (Doc. 81 (emphasis added).)

1.) Therefore, Plaintiff's postjudgment request for prejudgment interest is a motion to amend judgment under Rule 59(e), which must have been made within twenty-eight days of entry of judgment, rather than a motion to correct or clarify an oversight under Rule 60. And because Plaintiff filed her motion thirty days after entry of judgment, her request was untimely. It is of no moment here that Plaintiff included a request for "interest" in her complaint. (Doc. 1, at 14.) Plaintiff did not specifically request prejudgment interest, and the Court did not rule on any such request. No specific request for prejudgment interest was made until after the Court entered judgment.

Neither case Plaintiff cites to in her objection compels the result she seeks. The first case, *Stafford v. First Tennessee National Bank*, 230 F.3d 1360 (6th Cir. 2000), is an unpublished Sixth-Circuit decision that affirmed the district court's award of prejudgment interest after finding the motion was governed by Rule 60 instead of Rule 59. Citing to *Pogor* for the proposition that "Rule 59 will apply for an *original* post-judgment request for pre-judgment interest," the *Stafford* Court based its decision in part on the plaintiff's inclusion of a request for prejudgment interest in the complaint. *Id.* ("As Stafford's motion was not an original request [for prejudgment interest], but only brought the district court's attention to previously requested relief, Rule 60 applies.") (citations omitted). Plaintiff understands the case's holding to be that a request in a complaint for prejudgment interest renders any postjudgment request for prejudgment interest a motion for relief from judgment under Rule 60. (*See* Doc. 101, at 4 (Plaintiff citing *Stafford* and then concluding: "The same is true for Plaintiff's request for interest. Plaintiff requested interest in her initial complaint and the Judgment specifically awarded Plaintiff "any interest as provided by law.") (emphasis omitted). But the takeaway from *Stafford* is not so simple. Just because the court determined, in one instance, that a request for

prejudgment interest in the complaint constituted an "original" request for prejudgment interest that "only brought the district court's attention to previous requested relief" does not mean a request for prejudgment relief in the complaint will invariably receive this characterization. *Id.* at *9.[3]  In fact, the Middle District of Tennessee recently confirmed this is the case by rejecting a postjudgment request for prejudgment interest despite the plaintiff's request for prejudgment interest in the complaint. *EPAC Techs., Inc.*, 2021 WL 1213161, at *3 (rejecting the plaintiff's argument that *Stafford* requires an award of prejudgment interest when the award was requested in the complaint).  In that opinion, the court clarified that "60(a) governs postjudgment motions for prejudgment interest when the original judgment explicitly allows for prejudgment interest but fails to specify the precise dollar value of interest." *Id.* (quoting *McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1133 (9th Cir. 2004)) (internal quotation marks omitted).  Thus, regardless of the outcome in *Stafford*, because the Court's judgment in this case did not explicitly award prejudgment interest, Plaintiff's motion is governed by Rule 59 rather than Rule 60.

The second case Plaintiff relies on, *Farber v. Massillon Board of Education*, 917 F.2d 1391, 1401 (6th Cir. 1990), is also unpersuasive.  For one, the request for prejudgment interest in that case was not made after the entry of final judgment, so the court remanded the claim for prejudgment interest "for recalculation after entry of final judgment on all claims of this case." *Id.* at 1401.  The request thus did not implicate questions of timeliness under Rule 59(e) or 60. Additionally, the *Farber* Court cites to *Shearson/American Express, Inc. v. Mann*, 814 F.2d 301, 307 (6th Cir. 1987) for the proposition that "the request for prejudgment interest was made in the

---

[3] The *Stafford* Court does not elaborate on the basis for its ruling in its four-sentence analysis, and it is not this Court's role to fill in the gaps.

complaint." *Farber*, 917 F.2d at 1401. But all *Mann* says on this topic is that a request for prejudgment interest in a complaint counts as a request for prejudgment interest; it does not, as Plaintiff claims, support the argument that a request for prejudgment interest in the complaint requires that a postjudgment request for that interest be regarded as a Rule 60 motion. *Mann*, 814 F.2d at 307. Therefore, *Farber* does not help Plaintiff here.

Because the Court had not awarded prejudgment interest, Plaintiff's postjudgment request for prejudgment interest is a motion to amend judgment under Rule 59(e), not a motion to clarify under Rule 60. Therefore, she must have filed her motion within twenty-eight days of entry of judgment. Fed. R. Civ. P. 59(e). Plaintiff did not do so. Magistrate Judge McCook did not err in her recommendation. (*See* Doc. 100).

## IV. CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Plaintiff's objection (Doc. 101), **ACCEPTS** and **ADOPTS** the R&R (Doc. 100), and **GRANT IN PART** and **DENIES IN PART** Plaintiff's motion for attorney's fees and costs (Doc. 80).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**